*No.* 16.

**HAWKS** *against* **BALDWIN & CO.** *Washington,* 1819.

THE certificate of an officer, on the back of a writ, shewing legal service of the writ, is conclusive evidence, that the writ was so served, as between the parties to *that* suit.

*Audita Querela.* The said Hawks complains, that said Baldwin & Co. took out two writs of scire facias, in their favor, against him, as bail for one David Allen, and delivered them to David Harrington, a deputy sheriff, for service ; that said Harrington not having served said writs, or given him any notice of the same, falsely made return that he served said writs on said Hawks, on the 17th day of February, 1817, by attaching said Hawks' body, &c. And said Hawks alledges in his complaint, that neither said Harrington, nor any other person ever served said writs of scire facias upon him, or gave him any notice to appear and shew cause against the same, and that he had no day in Court ; that judgment was rendered against him on said writs of scire facias, and execution issued, and said Baldwin & Co. by virtue of said execution threaten to imprison said Hawks.

*Plea.* That the plaintiff from having and maintaining his action thereof, ought to be barred, because they say the said David Harrington, on the 17th day of February, 1817, was a legal deputy sheriff, in and for the county of Washington, and by law, had good right to serve said writs of scire facias, on the said Hawks, and then at Moretown, in said county, the said Harrington, being deputy sheriff, served said writs of scire facias, on the said Hawks, by attaching the body of said Hawks, and then and there reading the same in his hearing, &c.

*Replication.* That said Harrington, deputy sheriff, did not serve said writs of scire facias, on said Hawks, on said 17th day of February, or at any time before or after, and issue was joined to the country.

On the trial, at June term, 1818, the defendants gave in evidence to the Jury, the writs of scire facias described in the declaration, and David Harrington's returns thereon endorsed, by which returns it appeared the said writs were duly served by said Harrington, as deputy Sheriff.

It was conceded by the plaintiff that said Harrington was deputy sheriff, and had right to serve said writs in the manner they purported to be served. The plaintiff offered parol evi-

dence to prove, that the returns endorsed on said writs, were *false*, and that said writs were not served.

To the admission of parol evidence, or any other evidence, to controvert or disprove said returns, the defendants objected, because the sheriff was not a party to the present suit, and his returns on the writs of scire facias were conclusive evidence that the writs were served, which could not be controverted in any action where the sheriff or said Harrington was not a party.

The objection was over-ruled by the Judge, and parol evidence was admitted.

Verdict for complainant.

Motion for new trial, founded on exceptions to the decision of the Judge.

In support of the motion, it was contended:

1. An *Audita Querela* is, where a defendant against whom a judgment is recovered, and who is therefore in danger of execution, or actually in execution, may be discharged or relieved, upon good matter of discharge, which has happened *since* the judgment.   3 Black. 405.   2 Sand 148.

If the matter set forth in the *Audita Querela* would not amount to a sufficient discharge, if the party had an opportunity to plead it, it furnishes no cause for an *Audita Querela*, and no relief can be granted.   Vide ut supra.

2. Where a writ is returned by an officer, as duly served, the defendant is estopped from denying the service, and cannot plead in abatement of the writ, by alledging a matter repugnant to the return ; if the return be false, his *only* remedy is by action against the officer, for a false return.   Slayton v. Inhabitants of Chester, 4 Mass. Rep. 478.

The return of a sheriff, that dower hath been set out on a writ of seizen of dower, by three disinterested freeholders is *conclusive*, and if not true he is liable to an action for a false return.   Easterbrooks v. Hapgood, 10 Mass. Rep. 313.

If a sheriff return that he has warned defendant, when in fact he has not, Audita Querela does not lie, the remedy is

against the sheriff for a false return. 2 Saunder's Rep. 148, note.

In this case the plaintiff's remedy, if he hath been injured, is an action on the case, against the sheriff, the very person who caused the injury, and not an action against the defendants, who had no knowledge but that the writs had been legally served. The sheriff is empowered, in his own county, to serve and execute all lawful writs, &c. to him directed, and his certificate or return, is evidence of the service. 1 Stat. p. 308.

If any sheriff shall make a false or undue return of any writ, &c. he shall be liable to a fine not exceeding $100, and to pay the party grieved, all damages, thereby, in any way, sustained, with costs. 1 Stat. 312.

The question, whether the return of a sheriff, be false or true, can be tried *only* in an action against the Sheriff, for a false return. Vide cases before cited.

If the defendant is estopped from denying the service of the writ, and can alledge nothing in a plea of abatement repugnant to the officer's return, he cannot give such repugnant matter in *evidence* on Audita Querela, but is concluded by the return of the officer. This writ lies *only* where the party has a *good and sufficient plea,* and has had no opportunity to plead it.

*Contra.* An Audita Querela is said to be in nature of a bill in equity, an allegation of fraud and deceit seems to be essential, and the case supposed must be one where legal process has been abused and injuriously employed to purposes of fraud and oppression. But allegations of abuse are not to be heard as a ground of complaint, where the party complaining has had a legal opportunity of defence, or where the injury, if one has been sustained, is to be attributed to his own neglect, for otherwise litigation would be endless. Lovejoy v. Webber, 10 Mass. Rep. 101.

It is a well settled principle in Chancery that relief may be obtained, not only against writings, deeds, and the most solemn assurances, but against judgments, and decrees, if obtained by fraud. 1 Vesey 120, 284, 289.

A judgment, fraudulently obtained, may be relieved against in equity. 1 Johnson's Cases 491.

So it may be avoided at law. For fraud is an extrinsic collateral act, which vitiates the most solemn proceedings of Courts of justice. Philips' Ev. 242.

Lord Coke says it vitiates all judicial acts, whether ecclesiastical or temporal. Formiers' Case, 3 Co. R. 78.

In the present case the said D. Baldwin & Co. contend that the returns of Harrington, on the writs of scire facias, are conclusive, and estop Hawks from giving evidence to the contrary, on the issue aforesaid.

The return of a Sheriff, upon a writ which has been duly returned and filed, is *prima facie* evidence of the fact therein stated. Philips' Ev. 294. 11 East. 297.

But, if the Sheriff's return be conclusive, and operates as an estoppel, in *any* case, it cannot be so in the present, where it is only used in evidence to the Jury, on trial of an issue of fact. That which a party would avail himself of, by way of estoppel, must be so pleaded, and relied on as such.

By the Court. The returns of the officer, shewing that he had duly served the writs of scire facias, are *conclusive* between *these* parties ; the complainant cannot controvert the returns, except in an action against the officer, for a false return.

New trial granted.